UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Charles Jones,

                          Plaintiff,              COMPLAINT

                                              JURY TRIAL DEMAND

        — Against —
                                              CIV
                                          16 CV 3625

Correction Sergeant  J. Deckelbaum;
Correction Officer   A. Alvarado;
Correction Officer   V. Santiago;
Correction Officer   J. Perez;
Correction Officer   J. Velez;
Correction officer   I. Sanchez;
Correction Officer   John Doe;
Dentist   A. Jacobsen;

                          Defendants.

2016 MAY 13  AM 11: 19   SDNY PRO SE OFFICE   RECEIVED

STATEMENT OF JURISDICTION

This action is being brought by a New York State prisoner
pursuant to 42 U.S.C. Section 1983 seeking compensatory
damages and punitive damages to defend and protect the rights
guaranteed by the Constitution of the United States and this
Court has jurisdiction over the action pursuant to 28 U.S.C.
Section 1343(3) and (4).

(2)

PARTIES

A. Plaintiff, Charles Jones #97A3781 is a prisoner at Upstate Correctional Facility, P.O. Box 2001, Malone, New York 12953.

B. Defendant J. Deckelbaum is a Correction Sergeant at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562-5498.

C. Defendant A. Alvarado is a Correction Officer at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562-5498.

D. Defendant V. Santiago is a Correction Officer at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562-5498.

E. Defendant J. Perez is a Correction Officer at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562-5498.

F. Defendant J. Velez is a Correction Officer at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562-5498.

G. Defendant I. Sanchez is a Correction Officer at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562-5498.

H. Defendant John Doe is a Correctional Officer at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562-5498.

I. Defendant A. Jacobsen is employed as a Dentist at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562-5498.

(3)

PREVIOUS  LAWSUIT IN STATE AND FEDERAL
                    NONE

STATEMENT OF CLAIM

Violation of the 8th Amendment of the United States Constitution
for excessive use of force, which constitutes cruel and unusual
punishment.

STATEMENT OF FACTS

1) On October 9, 2014, Plaintiff arrived at Sing Sing Correctional
Facility and upon being assigned to cell location "S-67" he was
confronted by gallery officer A. Alvarado who issued an unprovoked
threat to have plaintiff's gold teeth appliance removed from his mouth.

2.) When Officer A. Alvarado completed his verbal threat the Plaintiff
did not feed into this officer's menacing approach, Plaintiff proceeded
to the designated cell location at S-67, where he closed and
locked in.

3.) Plaintiff had the same gold teeth/dentures in his mouth
since the summer of 1991 and never once had a issue regarding
his gold teeth during the span of two state bids (incarceration).

4.) On October 10, 2014 at approximately 10 am, a Sergeant Deckalbaum
arrived at plaintiff's cell location where he told plaintiff that he

(4)

Will be taken to the Dentist to have his gold teeth examined. He then asked plaintiff is he willing to sign a dental disclaimer in order to consent to the exam? The Plaintiff responded by asking the Sergeant, why is he being profiled as a target for harassment? The Sergeant did not answer plaintiffs question, instead he reiterated that the plaintiff would be examined by the Dentist whether he consented or not.

5.) At approximately 11:30am five (5) Correction officers, C.O. Alvarado, C.O. V. Santiago, C.O. I. Sanchez, C.O. J. Velez and C.O. John Doe arrived at plaintiff's cell and C.O. Alvarado ordered plaintiff out of the cell and to put his hands up on the gate for a pat frisk, and as soon as he completed the pat frisk, C.O. Alvarado gave the plaintiff a order to put his hands in his pockets and walk ahead while he and the other four (4) correction officers escorted the plaintiff to the Hospital/Dentist.

6.) When these five Correction Officers came to his cell to escort the plaintiff to the Hospital/Dentist, his instincts sensed something was terribly wrong because it doesn't take five (5) Correction officers to escort any one (1) prisoner to the hospital area; especially since plaintiff posed no security threat.

7.) When the plaintiff got to the Hospital/Dental room, he immediately noticed that the Dental room was empty, except for Sergeant J. Deckelbaum; No Dentist or any of the Dentist's assistants were present in the room, further affirming plaintiff's suspicion of

(5)

these Correction Officers Malicious intentions.

8.) At this point, and surrounded by these five (5) "escort" officers, the plaintiff was directed to a Dental chair and when he stopped at the chair he said to the escorts, "hold on, where is the Dentist at?"

9.) This is when Correction officer Alvarado raised his black leather gloved-Closed fist and punched the plaintiff on the right side of his face. Before plaintiff could respond, C.O.'s Sanchez and Perez pushed him down into the Dental chair from behind and a barrage of brutally repeated punches landed to plaintiff's face, head and Midsection from seemingly every direction. C.O. Alvarado began yelling at the plaintiff, telling him to "open your fucking Mouth you black nigger!" C.O. Alvarado grabbed both of plaintiff's legs, as they were on the leg rest, and pinned them down into the leg rest; Correction officers' Perez, Sanchez, velez Santiago and John Doe all used closed fisted punches to the plaintiff's face, head and Mid-Section of his body. Santiago was berating the plaintiff as well saying, "you a fucking bitch!" over and over. Plaintiff attempted to dodge the onslaught of blows by squirming in the chair and then twisting over the left side's armrest when C.O.'s Perez and Santiago grabbed a hold to plaintiff's arms and twisted and forced them to the back and Someone placed Mechanical restraints to plaintiff's wrists while they had him twisted over the armrest leaning downward. Velez, Sanchez and C.O. John Doe were still beating plaintiff with punches to

(6)

the front and back of his head.

10.) Once the mechanical restraints were applied, plaintiff was pulled upward into a sitting position on the Dental chair. C.O. Velez unleashed more punishing blows/punches to plaintiffs face and head while C.O.'s Perez and Santiago held plaintiff up in place as target for the ongoing assault.

11.) Then C.O. Alvarado let go of plaintiff's legs and continued to yell, harass and beat plaintiff to get him to open his mouth. The plaintiff thought he was going to die when C.O. Alvarado attacked him again with a closed fisted punch straight-on to his forehead. C.O. Alvarado then tried to pry open plaintiff's mouth with his black leather bacteria infested gloved hands threatening to hit him yet again if he don't open up his mouth—so that he can stick his nasty gloved hands in to extract plaintiff's gold teeth.

12.) Now C.O. Alvarado became even more irate and desperate and used both of his black leather gloved hands and fingers to try and gouge out both of plaintiff's eyes, inducing the plaintiff to scream out in pain. C.O. Alvarado intensified the pressure on plaintiff's eyes by using his thumb and jamming it into plaintiff's left eye, to disengage plaintiff's eye from its socket, forcing plaintiff's head backwards but C.D.'s Perez and Santiago held the plaintiff's head back up in place for C.O. Alvarado's vicious and brutal assault; and just when the pain was too unbearable and plaintiff feared his left eye would be dislodged from

(7)

its socket.

13.) At this point the plaintiff couldn't breathe and felt like his eyes would be gouged out of its socket. Plaintiff opened his mouth and this is when the Dentist A. Jacobsen forced a soft bite block into the plaintiff's mouth while squeezing the plaintiff's jaw causing him to choke further because C.O. Alvarado had one of his hands rapped around plaintiff's neck with additional pressure; Dentist Jacobsen used one of hands to forcefully yank the plaintiff's gold teeth appliance from his upper front teeth, and then Dentist Jacobsen forcefully removed the soft bite block.

14) The Defendants Alvarado, Santiago, Perez, Velez and John Doe continued to assault the plaintiff in the presence of Sergeant Deckelbaum's supervision by punching the plaintiff in his head face and midsection and choking the plaintiff and taking their fingers attempting to gouge the plaintiff's eyes out of his sockets for about ten (10) to fifteen (15) minutes.

15.) During this brutally vicious and barbaric assault, Sergeant J. Deckelbaum stood by and watched the entire incident and he took no corrective action to stop these correction officers from gang assaulting the plaintiff.

16.) As a result of the Defendants assault on the plaintiff in the Hospital/Dentist room, plaintiff was taken next door to the nurse's Medical room where he was strip frisked and then was allowed to

(8)

be seen and treated by nurse J. Gutowski for the following injuries: Bump on the left side of plaintiff's forehead; Swelling and bruising to the eyes; Schlera red abrasions outside of right eye; Blurry Vision to eyes; Abrasions to left side collar bone; Redness to Right side of Chest; Bottom right side Lip abrasion; Both wrists reddened and swollen.

17.) Nurse J. Gutowski summoned a resident Dr. John Doe, who was on duty, after attending to plaintiff's eyes. Dr. John Doe, who was on duty this morning of October 10, 2014, examined plaintiff's eyes and ordered plaintiff to be taken to an Outside Hospital for X-rays of plaintiff's orbital region, to determine whether any fractures were present.

18.) Due to death threats by Defendants, colleagues, and ominous retaliation threats waged at plaintiff if he did incline to go on the outside trip to the hospital, plaintiff declined because of said threats and he did fear these rogue gang of officers would create an excuse to shoot and kill plaintiff somewhere en route to a outside hospital.

19.) It was determined some days, following extensive ct scans and MRI's, thereafter that plaintiff suffered a serious neurological injury, A diagnosis of MASS on the pituitary gland, as well as constant Migraine headaches. Medication was prescribed for both and for the first time in plaintiff's life he was put on Medication and scheduled to appointments with outside specialists.

(9)

## CAUSE OF ACTION

20) The actions of Defendant Sergeant Deckelbaum violated the plaintiff's eighth Amendment Constitutional Rights when he supervised the Defendants A. Alvarado, V. Santiago, J. Perez, I. Sanchez, J. Velez, John Doe and Dentist A. Jacobsen gang assault against the plaintiff and he took no corrective action to stop the Defendants from assaulting the plaintiff.

21) The actions of Defendant C.O. A. Alvarado violated the plaintiff's eighth Amendment Constitutional Rights when he assaulted the Plaintiff in the Hospital/Dental chair by repeated punching and choking the plaintiff and attempting to gouge the Plaintiff's eyes out of his eye sockets.

22) The actions of Defendant C.O. Santiago violated the plaintiff's eighth Amendment Constitutional Rights when he assaulted the Plaintiff in the Hospital/Dental chair by repeatedly punching and choking the plaintiff and holding him up in restraints while other Defendant correction officers physically beat and attempted to gouge the plaintiff's eyes out of his eye sockets.

23) The actions of Defendant C.O. J. Perez violated the Plaintiff's eighth Amendment Constitutional Rights when he assaulted the Plaintiff in the Hospital/Dental chair by repeatedly punching and choking the the plaintiff and holding him up in restraints while other Defendant Correction officers physically beat and attempting to gouge the

(10)

the plaintiff's eyes out of his eye sockets.

24) The actions of Defendant C.O. J. Velez violated the Plaintiff's eighth Amendment Constitutional Rights when he assaulted the plaintiff in the Hospital/Dental chair by repeatedly punching the Plaintiff with closed-fist punches to the plaintiff's face, head and body.

25.) The actions of Defendant C.O. I. Sanchez violated the Plaintiff's eighth Amendment Constitutional Rights when he assaulted the plaintiff in the Hospital/Dental Chair by repeatedly beating the plaintiff with closed-fist punches to the Plaintiff's face, head and body.

26.) The actions of Defendant C.O. John Doe violated the Plaintiff's eighth Amendment Constitutional Rights when he assaulted the Plaintiff in the Hospital/Dental Chair by repeatedly beating the Plaintiff with closed-fist punches to the Plaintiff's face, head and body.

27.) The actions of Defendant Dentist A. Jacobsen violated the Plaintiff's eighth Amendment Constitutional Rights when he assaulted plaintiff in the Hospital/Dental Chair by squeezing the plaintiff's Jaw open and forcing open the plaintiff's mouth to force a soft bite block into plaintiff's mouth, against plaintiff's will, while several Defendant Correction Officers held plaintiff down in the Dental chair brutally beating the plaintiff in his face, head and body.

28.) The actions of Dentist A. Jacobsen violated plaintiffs Medical/ Dental patients Bill of Rights when he failed to obtain plaintiffs

(11)

consent to exam and for allowing correction officers unlawful comportment and assault on plaintiff to take place inside his Dentist room/area.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

29.) Plaintiff Charles Jones did file grievance complaint and exhaust his administrative remedies.

## RELIEF SOUGHT
WHEREFORE Plaintiff respectfully request that this court enter a Judgment Granting:

A.) Severally against each defendant compensatory damages in excess of $1,000,000.00.

B.) Severally against each defendant punitive damages in excess of $ 1,000,000.00.

C.) Plaintiff cost of this suit.

D.) Jury Trial demand.

E.) That the Court should grant application for assignment of Counsel and,

(12)

F.) For such other and further relief as the Court deem appropriate and proper.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. section 1746.

Dated: May 9, 2016

C. J̄s

Charles Jones
97A3781
Upstate Correction facility
P.o. Box 2001
Malone, N.Y. 12953

I declare under penalty of perjury that on this 9th day of May, 2016, I am delivering this complaint to prison authorities to be mailed to the Pro Se office of the United States District Court for the Southern District of New York.

Charles Jones, 97A3781
UPSTATE CORRECTIONAL FACILITY
P.O. BOX 2000, 309 BAREHILL ROAD
MALONE, NEW YORK 12953

RECEIVED
SDNY PRO SE OFFICE
2016 MAY 13 AM 11: 09

Pro Se Intake Unit
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Upstate
Correctional Facility



US POSTAGE $001.36°
ZIP 12953
041L31251145